UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RANDY MARTONO-CHAI | CIVIL ACTION |
| VERSUS | NO. 25-578 |
| MATTHEW WILLIAMS AND AR SOURCE INC. | SECTION: "J"(3) |

**ORDER AND REASONS**

Before the Court is a *Motion for a Temporary Restraining Order* **(Rec. Doc. 2)** filed by Plaintiff Randy Martono-Chai. Among other relief, Plaintiff seeks a temporary restraining order and a preliminary injunction hearing to prohibit Defendants from using Plaintiff's proprietary material and to compel the return of the same.

Rule 65 of the Federal Rules of Civil Procedure governs the requirements for issuance of a temporary restraining order. Fed. R. Civ. P. 65(b). A temporary restraining order is an extraordinary remedy. *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). The party requesting a temporary restraining order must, through specific facts in an affidavit or verified complaint, clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). A temporary restraining order may only be granted if the movant establishes the following four prerequisites:

(1) A substantial likelihood of success on the merits;

(2) A substantial threat that failure to grant the injunction will result in irreparable injury;

(3) That the threatened injury outweighs any damage that the injunction may cause the opposing party; and

(4) That the injunction will not disserve the public interest.

*Ridgely*, 512 F.3d at 734. The movant must further "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Finally, although the Court recognizes that Plaintiff filed this suit pro se, Plaintiff must still demonstrate facts that would entitle him to the relief requested. *See Walker v. Grimes*, No. 16-74, 2017 WL 663349, at *1 n.1 (M.D. La. Feb. 17, 2017) (citing *Castro v. United States*, 540 U.S. 375, 381–82 (2003)); *Hampton v. First Guar. Mortg. Corp.*, No. 16-632, 2016 WL 5796886, at *1 (M.D. La. Sept. 30, 2016) (applying Fed. R. Civ. P. 65(b)(1)(B) notice standard with pro se movant).

A temporary restraining order is not warranted when the movant fails to demonstrate irreparable injury. *See, e.g., Array Petroleum, LLC v. Nat. Res. Worldwide, LLC*, No. 24-02867, 2024 WL 5186592, at *3 (E.D. La. Dec. 20, 2024). Irreparable injury is an injury that cannot be compensated by monetary remedies. *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against the claim of irreparable harm." *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975) (citation omitted). The decision

to grant or deny a temporary restraining order, like that of a preliminary injunction, is within the discretion of the district court. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

Here, Plaintiff argues a temporary restraining order is needed to prevent Defendants "from continuing their unauthorized use, misappropriation, and potential dissemination of Plaintiff's proprietary intellectual property." (Rec. Doc. 2 at 1). From Plaintiff's telling, Defendants "continue to possess, use, and potentially distribute Plaintiff's intellectual property without authorization." *Id*. In his Complaint, Plaintiff alleges he developed an AI-powered virtual reality camera system for music education—the schematics of which he shared with Defendants as part of a fundraising campaign that Defendants were contracted to manage. Defendants' withholding of, possible use of, and third-party communications about the proprietary information, Plaintiff claims, "caused the loss of deals and opportunity cost of $6.6 million in funding" and necessitated redevelopment costs. (Rec. Doc. 1 at 4).

Although Plaintiff contends his motion for a temporary restraining order is appropriate because his harm cannot be reduced to monetary damages, this Court concludes differently. Plaintiff's primary concern throughout his filings is the possible leaking of his technology to Defendant Williams's ex-girlfriend. (Rec. Doc. 2 at 2). He includes text messages, purportedly between parties, in which Williams relays a security breach in his offshore development center. (Rec. Doc. 1-5). Plaintiff concludes this breach places his "proprietary information at immediate risk of misuse and

irreversible damage[,]" specifically through "potential reverse engineering of Plaintiff's schematics". (Rec. Doc. 2 at 2).

Without consideration of the other necessary elements for a temporary restraining order, Plaintiff fails to show the alleged harm could not be redressed by a monetary remedy. Even if Plaintiff's worst fear is true—and he only characterizes the reversed engineering as "potentially" occurring—Defendants could potentially be liable for their role in causing the harm, namely, their failure to secure proprietary information. Such harm could be compensated by monetary remedies and, thus, cannot be considered an irreparable injury. *See Dennis Melancon, Inc.*, 703 F.3d at 279. The instant motion for a temporary restraining order, therefore, fails to present "[a] substantial threat that failure to grant the injunction will result in irreparable injury[.]" *Ridgely*, 512 F.3d at 734. In sum, a temporary restraining order shall not issue.

Accordingly, Plaintiff's *Motion for a Temporary Restraining Order* **(Rec. Doc. 2)** is **DENIED**.

New Orleans, Louisiana this 1st day of April, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE